FILED
2022 Nov-08  PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Northern  District of Alabama

2022 NOV -8  P 1:08

| | |
|---|---|
| Brittany Weaver | Case No. 2:22-cv-1421-SGC |
| _____ Plaintiff | *(to be filled in by the Clerk's Office)* |
| *(Write your full name. No more than one plaintiff may be named in a pro se complaint.)* | |
| -v- | Jury Trial: *(check one)* ☑ Yes ☐ No |
| UAB-University of Al at Birmingham | |
| _____ Defendant(s) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Brittany Weaver |
| Street Address | 1425 40th Street Ensley |
| City and County | Birmingham Jefferson |
| State and Zip Code | Alabama, 35208 |
| Telephone Number | 205-127 0311 |
| E-mail Address | Wbrittany17@gmail.com |

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

☑ **Check here to receive electronic notice through the email listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rules of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed or saved.**

| | |
|---|---|
| 11/08/2022 | _B. Carver_ |
| Date | Participant Signature |

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Evelyn Jones |
| Job or Title *(if known)* | Dispatcher |
| Street Address | 615 18th Street South |
| City and County | Birmingham |
| State and Zip Code | Alabama 35233 |
| Telephone Number | 205 934 4254 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Marquell Oliver |
| Job or Title *(if known)* | Dispatcher |
| Street Address | 615 18th Street South |
| City and County | Birmingham |
| State and Zip Code | Alabama 35233 |
| Telephone Number | 205 934 4254 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Johnney Bell |
| Job or Title *(if known)* | Guest Services manager |
| Street Address | 615 18th Street South |
| City and County | Birmingham |
| State and Zip Code | Alabama 35233 |
| Telephone Number | 205 934 4254 |
| E-mail Address *(if known)* | |

Defendant No. 4

Name _University of Alabama at Birmingham Hospital_

Job or Title *(if known)*

Street Address _415 18th Street South_

City and County _Birmingham_

State and Zip Code _Alabama, 35233_

Telephone Number _205 934 4254_

E-mail Address *(if known)* ___

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

Name _University of Alabama at Birmingham_

Street Address _415 15th Street South_

City and County _Birmingham_

State and Zip Code _Alabama, 35233_

Telephone Number _205 934 4254_

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.

☑ Termination of my employment.

☐ Failure to promote me.

☑ Failure to accommodate my disability.

☑ Unequal terms and conditions of my employment.

☐ Retaliation.

☐ Other acts *(specify)*:

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

October 17, 2021

C.    I believe that defendant(s) *(check one)*:

☐ is/are still committing these acts against me.

☑ is/are not still committing these acts against me.

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐  race  _____

☐  color  _____

☑  gender/sex  *Pregnancy*

☐  religion  _____

☐  national origin  _____

☐  age *(year of birth)* _____  *(only when asserting a claim of age discrimination.)*

☐  disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows.  Attach additional pages if needed.

*position statement, my rebuttal are attached.*

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

*February 02, 2022*

B.    The Equal Employment Opportunity Commission *(check one)*:

☐  has not issued a Notice of Right to Sue letter.

☑  issued a Notice of Right to Sue letter, which I received on *(date)* *08/09 2022*.

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☑  60 days or more have elapsed.

☐  less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I was out of work for 1 month; 100,000.00. Medical bills

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      11/08/2022

Signature of Plaintiff      Brittany Weaver

Printed Name of Plaintiff      Brittany D Weaver

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

**B.**      **For Attorneys**

Date of signing: _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Street Address | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address | _____ |

1```June 17,2022

Richard Groom
Equal Employment Opportunity Commission
1130 22nd Street S, Ste 2000
Ridge Park Place, Birmingham Al 35205

    RE: Brittany Weaver v. UAB
    EEOC Charge# 420-2022-00157

Dear Mr.Groom,

In the position statement there has been false accusations and information leading up to the incident of charge #: 420-2022-00157. UAB stated my employment was July or August and they can see clearly in the Temporary Service of UAB that I was employed July 28th. Unless they did no attempt to bother my temp service recruiter Melissa Bean, Memesln@uab.edu, 205-934-4030. On 10/23/2021 I emailed Melissa that I was resigning due to discrimination.  Melissa stated my rights and then reported me over to UAB Title IX Department. On October 27, 2021 I completely resigned and turned in my badge. As stated from UAB I resigned on the 10/19/2021, that's incorrect. Only 2 days before my official 90 days to convert to UAB regular employee. Which is why UAB stated I corrected dates because I was very close to being a regular employee. On October 25/26, 2022  I experience a second Incident of discrimination. The morning of our meetings before shift starts, we are told that if we rejected a certain amount of assignments we will be brought back to the office with warning and written up. Lead Marquell Oliver called me to the office and sent me home, and told me Johnny Bell wanted to meet with me on the following day. I was sent home at 5:05-5:30pm and shift ended at 7:30pm. Karla Diaz is a witness and she was 3 months pregnant at the time she experienced discrimination as well 205-567-8071. Sending me home, without documentation, asking for a meeting the next day was result in suspension, and retaliation, just a they did Karla. I asked for a meeting with Johnny Bell on the day of the incident through his assistant and Lead Marquell Oliver  was a witness in the room when Johnny Bell stated," you are a temporary employee and we do not offer light work in the department. We can not grant you any accommodations, because the other employees would think we would be giving you special privileges." Lead Marquell Oliver ," agreed and said yep, you are to do this assignment alone". then I realize this department did not care about me and the safety of my child so I ended the meeting with a thank you and I resumed back to work. Lead Evelyn Jones, stated,"you are suppose to do this trip by yourself, being 7 months pregnant doesn't mean anything. Melissa Bean stated to me this department would accommodate me but they did not. In the request for patient transporting assignment, I asked Johnny Bell can I receive help on this one assignment. As stated in the position statement you can request help for assistance with luggage and wheelchair assist. I have received assistance before with the position. Normally if the patient have a loved one they push the luggage cart for me or push the patient. I was 7 months pregnant, not 2 nor 3. My stomach was very much sticking out and I am expected to push a patient in a wheelchair holding a baby and push a luggage cart with luggage on it while carrying my own child that is completely insane. This assignment does require 2 persons assist. What if something happened to me, would UAB be responsible for me losing my child, would they be responsible for the new baby  and what about the mother that just gave birth. UAB has given false allegations/statements. During this time I endured emotional trouble, neglectful procedures, unacademic remarking, and retaliation; as stated in  https://secure2.compliancebridge.com/uab/portal/getdoc.php?file=316.

Thank You.



THE UNIVERSITY OF
ALABAMA AT BIRMINGHAM

*Office of Human Resource Management*

May 13, 2022

Richard Grooms
Equal Employment Opportunity Commission
1130 22nd Street S., Ste 2000
Ridge Park Place
Birmingham, AL 35205

> RE:    Brittany Weaver v. UAB
> EEOC Charge # 420-2022-00157

Dear Mr. Grooms:

The University of Alabama at Birmingham (UAB) denies Brittany Weaver's allegations of gender/pregnancy discrimination. Weaver's discrimination claim fails for several reasons. First, Weaver was not subjected to any adverse employment action, which is required for her to claim discrimination. Weaver was employed by UAB Temporary Services and assigned to work as a Patient Transporter in UAB's department of Guest Transportation Services beginning in July or August 2021. Weaver worked as a temporary Patient Transporter until she resigned her position on October 19, 2021. During her less than three months as an employee Weaver was not demoted, denied a promotion, or issued discipline.

Weaver's claim also fails because she makes no allegations that she was treated less favorably than any similarly situated male or non-pregnant employee. Weaver was not denied any assistance or accommodation that was provided to a similarly situated employee. Finally, Weaver's assertions regarding her conversations with management about potential accommodations for her pregnancy are inaccurate and provide no support for her claim. Weaver's claim of discrimination is unfounded, and UAB respectfully requests that her Charge be dismissed with a no-cause finding.

### The University of Alabama at Birmingham (UAB)

UAB is a comprehensive public urban research university and academic medical center. UAB strives to excel in its four mission pillars of Education; Research, Innovation and Economic Development; Community Impact; and Patient Care. UAB's Shared Values include Integrity, Respect, and Diversity and Inclusiveness. UAB is an equal opportunity employer and is committed

210 Administration Building | Mailing Address:
701 20th Street South | AB 210
205.934.5321 | 1530 3RD AVE S
Fax 205.975.9681 | BIRMINGHAM AL 35294-0102

1

to preventing discrimination and harassment in the workplace. A copy of the UAB Equal Opportunity and Discriminatory Harassment Policy is attached as **Exhibit 1.**

## Weaver's employment at UAB

UAB hired Weaver as a Temporary Specialist - Hospital Services through UAB's Department of Temporary Services effective July 28, 2021. UAB's Department of Temporary Services matches temporary employees with part-time and full-time positions throughout UAB in accordance with department need.[1] Weaver was matched and assigned as a Patient Transporter in UAB's department of Guest Transportation Services. As a Patient Transporter, Weaver transported patients to and from treatment areas. A copy of the Patient Transporter job description is attached as **Exhibit 2**.

During her temporary employment as a Patient Transporter Weaver refused to perform her job duties on at least two occasions. Weaver was counseled on her refusals once, and then submitted her resignation prior to a meeting scheduled on October 19, 2021, in which management planned to further discuss her refusals.

1. Weaver rejects a transport job that did not require assistance.

As noted in her Charge, Weaver and other Patient Transporters are provided with an ipad, ipod, or iphone with an app that assigns patient transport jobs. (*See* Charge). Patient Transporters accept transport jobs through the app. If a patient transporter ignores an assigned job, the transporter is deemed to have "rejected" the job. Patient Transporters are generally required to accept assigned transport jobs unless they are about to go to lunch or end their shift, or if they are instructed by a superior to decline the job. Patient Transporters can also request assistance for an assigned transport job either through the app or by contacting a Dispatcher.[2] Requests for assistance are approved for transport jobs that require two Patient Transporters to move the patient and any accompanying equipment or luggage, such as when a transport job includes a bed that must be moved with two hands and additional equipment or luggage.

On or about October 15, 2021, Weaver requested assistance for a transport job that did not require two Patient Transporters to complete. Specifically, Weaver requested assistance for transporting a wheelchair and luggage cart from UAB's Women's and Infants Center (WIC) to discharge. Dispatcher Evelyn Jones contacted Weaver and asked why she had requested assistance for the job, and Weaver stated that she was unwilling to do the job because she was pregnant. Jones did

---

[1] More information about UAB Temporary Services is available at: https://www.uab.edu/humanresources/home/recruitmentservices/temporary-services-department.

[2] A Dispatcher assists with scheduling and directing work flow for Patient Transporters. A copy of the Dispatcher job description is attached as **Exhibit 3**.

| 210 Administration Building | Mailing Address: |
| 701 20th Street South | AB 210 |
| 205.934.5321 | 1530 3RD AVE S |
| Fax 205.975.9681 | BIRMINGHAM AL 35294-0102 |

2

not approve Weaver's request for assistance because the transport job did not require two Patient Transporters. Weaver did not complete the assigned job.

Following her refusal to complete the assigned job on October 15, 2021, Weaver requested to meet with Guest Services Manager Johnney Bell, and Bell met with Weaver that day. Weaver told Bell that she had requested but not received assistance for the transport job from WIC to discharge. Bell reviewed the assigned transport job and confirmed that it was not a job that required assistance. Weaver asked Bell about receiving an accommodation based on her pregnancy. Bell stated that Weaver would have to make any request for an accommodation through UAB Temporary Services because she was a UAB Temporary Services employee.[3] Bell also explained that Guest Transportation Services generally did not have light duty assignments for Patient Transporters, and that Patient Transporters who could not perform their regular duties were generally accommodated through a leave of absence. Weaver did not contact UAB Temporary Services to request an accommodation, nor did she request an accommodation through UAB's AWARE Program or UAB Employee Health.[4]

2. Weaver rejects several more transport jobs that do not require assistance, then resigns from her position.

On or about October 18, 2021, Weaver rejected four or more transport jobs. Dispatcher Marquell Oliver contacted Weaver and asked her why she had rejected the jobs, and Weaver stated that she was unwilling to do them. Oliver accordingly sent Weaver home for the day and asked Weaver to meet with management the following morning to discuss her assigned jobs and rejections further. Weaver then submitted her resignation.

**Weaver's claim is unfounded.**

Weaver's claim of gender discrimination is meritless. Weaver was not subjected to any adverse employment action, nor was she treated any differently than any male or non-pregnant employee. Weaver's assertions regarding her discussion of assistance or accommodations in transporting patients are inaccurate and provide no support for her claim of discrimination.

---

[3] Bell did not state that "accommodations could only be granted to regular employees," that "if he granted [Weaver's] request, he would have to grant all requests," or that "granting [Weaver's] request would be giving [Weaver] special privileges," as alleged in the Charge. (Charge).

[4] Employees can view information about reasonable accommodations and request a reasonable accommodation online through UAB's AWARE program, available at: https://www.uab.edu/humanresources/home/relations/aware/reasonable-accommodation-process.

210 Administration Building | Mailing Address:
701 20th Street South | AB 210
205.934.5321 | 1530 3RD AVE S
Fax 205.975.9681 | BIRMINGHAM AL 35294-0102

3

1.  Weaver was not subjected to any adverse employment action.

Weaver was not demoted, terminated, issued discipline, or otherwise subjected to an actionable adverse employment action. Rather, Weaver resigned her position after refusing to perform her job duties. Contrary to the assertions in her Charge, Weaver was not told that she "would have to meet with Mr. Bell the next day for discipline," and her alleged awareness "that when an employee is sent home and a meeting is scheduled, the employer is planning to discharge the person" is inaccurate. (Charge). Weaver was sent home on October 18, 2021, because she was refusing to perform her assigned transport jobs and did not provide an adequate explanation for her refusals to the Dispatcher on duty. While she was scheduled to meet with Bell the following day and may have been disciplined for her refusals after Bell met with her and discussed further, the department had not determined whether it was going to issue disciplinary action and did not plan to discharge Weaver. Weaver voluntarily resigned her position, and cannot claim discrimination based on her own speculation that disciplinary action or discharge may have resulted from her refusal to perform her assigned transport jobs.

2.  Weaver has not identified any similarly situated employee who was treated differently.

Weaver has not identified any male or non-pregnant employee who was provided assistance for similar transport jobs. Weaver makes no allegations that she was treated less favorable than any male or other non-pregnant employee in any way, and her claim of discrimination accordingly fails.

3.  Weaver's assertions regarding her discussion with management are inaccurate and provides no support for her claim.

Weaver's assertions regarding her discussions with Guest Services Manager Johnney Bell on October 15, 2021, are inaccurate and do not support her claim for discrimination. Following her refusal to complete her assigned job on October 15, 2021, Weaver requested to meet Bell, and Bell met with Weaver that day. Weaver told Bell that she had requested but not received assistance for her assigned transport job from WIC to discharge. Bell reviewed the assigned transport job and confirmed that it was not a job that required assistance. Weaver asked Bell about receiving an accommodation based on her pregnancy. Bell stated that Weaver should contact UAB Temporary Services regarding any request for an accommodation because she was a UAB Temporary Services employee.[5] Bell also explained that Guest Transportation Services generally did not have light duty assignments for Patient Transporters, and that any accommodation granted for Patient

---

[5] Bell did not state that "accommodations could only be granted to regular employees," that "if he granted [Weaver's] request, he would have to grant all requests," or that "granting [Weaver's] request would be giving [Weaver] special privileges," as alleged in the Charge. (Charge).

210 Administration Building | Mailing Address:
701 20th Street South | AB 210
205.934.5321 | 1530 3RD AVE S
Fax 205.975.9681 | BIRMINGHAM AL 35294-0102

4

Transporters who could not perform their regular duties was generally a leave of absence until the Patient Transporter could perform their regular duties. Weaver did not contact UAB Temporary Services to request an accommodation, nor did she request an accommodation through UAB's AWARE Program or UAB Employee Health.[6]

## Conclusion

Weaver's claim of gender/pregnancy discrimination is meritless. Weaver was not subjected to any adverse employment action. Weaver has not identified any similarly situated non-pregnant Patient Transporter who was allegedly treated more favorably than her, nor has she made any other allegations that could support her claim of gender/pregnancy discrimination. Weaver's Charge should accordingly be dismissed with a no-cause finding.

If you should require additional information, please do not hesitate to contact me.

Sincerely,

Earlisha S. Williams. JD, MBA
Executive Director, Human Resources

---

[6] Employees can view information about the reasonable accommodation process and request a reasonable accommodation online through UAB's AWARE program, available at: https://www.uab.edu/humanresources/home/relations/aware/reasonable-accommodation-process.

210 Administration Building | Mailing Address:
701 20th Street South | AB 210
205.934.5321 | 1530 3RD AVE S
Fax 205.975.9681 | BIRMINGHAM AL 35294-0102

5

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Birmingham District Office**
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
(205) 651-7033
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/09/2022

**To:** Brittany Weaver
1425 45th Street Ensley
Birmingham, AL 35208
Charge No: 420-2022-00157

EEOC Representative and email:    Richard Grooms, Federal Investigator
richard.grooms@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 420-2022-00157.

On behalf of the Commission,

August 9, 2022

for James C Love Sr

Bradley A. Anderson
District Director

Cc:   UAB
Earlisha S. Williams, Human Resources
AB 210
1530 3rd Ave S.
Birmingham, AL 35294-0102

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 420-2022-00157 to the District Director at Bradley Anderson, 1130 22nd Street South Suite 2000

Birmingham, AL 35205.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.